**BAYER CO., Inc., v. SUMNER PRINT-
ING CO. et al.**

**No. 4699.**

District Court, N. D. Ohio, E. D.
Feb. 19, 1934.

Holliday, Grossman & McAfee, of Cleveland, Ohio, and Edward S. Rogers, of Chicago, Ill., for plaintiff.

F. E. Shannon, of Akron, Ohio, for defendants Sumner Printing Co., Inc., Akron Engraving Co., and Handy Package Sales Co.

Brouse, Englebeck, McDowell & Bierce, of Akron, Ohio, for defendant Independent Drug Co.

### Findings of Fact.

(1) Plaintiff is a citizen of the state of New York. Defendants are citizens of the state of Ohio, and residents and inhabitants of the Northern District of Ohio, Eastern Division. The value of the rights involved in this case is in excess of $3,000, exclusive of interest and costs.

(2) For many years plaintiff has been the owner of trade-marks consisting of the word Bayer, and the word Bayer arranged in the form of a cross, applied to goods produced and sold by it generally throughout the United States. Said trade-marks are of great value and well known to the public as designating and identifying the products to which they are applied as coming from the plaintiff.

(3) Plaintiff's said trade-marks have been duly registered under the Act of Congress of February 20, 1905.

(4) Plaintiff, for many years, has applied its said trade-marks to containers and display cards. Specimens of such display cards are attached as Exhibit B to the bill of complaint and Exhibit B–1 hereto. Exhibit B–1 is a facsimile in black and white; the printing and darker portions of the original exhibit being brown on a buff ground, except the word genuine, which is in red. Such containers and display cards are well known to the public, and are the means by which the plaintiff's goods are recognized when displayed in stores where plaintiff's goods are sold.

(5) Plaintiff sells "Aspirin" only in three distinct packages, viz., 100 tablets, 24 tablets, and 12 tablets, the full retail prices of which are accepted as 95 cents, 35 cents and 20 cents, respectively, and plaintiff does not wish its product to be dispensed to the public except in its original unbroken packages.

(6) Plaintiff's product is a medicine, and it is plaintiff's desire, as far as practicable, to confine its sales to drug stores.

(7) Defendant Hamilton Hardgrove does business as the Handy Package Sales Company. Defendant purchases plaintiff's product in large packages, and, without the license or consent of the plaintiff, breaks the packages, places two of the tablets in an envelope, and attaches the envelope to a card of which Exhibit C is a facsimile in black and white, the printing and darker portions of the original exhibit being brown on a buff ground, except the word genuine which is in red, being a substantial duplicate of plaintiff's display card and container Exhibits B and B–1.

(8) Defendant's cards, Exhibit C, lead the purchasing public to believe that the plaintiff has adopted the practice of selling its product in packages containing two tablets.

(9) Defendant's method tends to confuse and deceive the public and impairs or prejudices plaintiff's regular sales under its trade-marks and standard display and in its original packages. Defendant's methods of marketing plaintiff's product gives the impression to the public contrary to the fact, that plaintiff sponsors the defendant's sales in packages of two, and to this extent such sale is deceptive.

(10) The use of plaintiff's trade-marks on identical display cards as those used by plaintiff is calculated to lead the public to believe that the product as thus marketed by the defendant is the plaintiff's.

(11) Plaintiff's trade-marks are used in interstate commerce, and defendant's cards, Exhibit C, are sold in interstate commerce.

(12) Defendant Akron Engraving Company made the plates from which such cards, Exhibit C, are printed.

(13) Defendant Joseph A. Hermann printed the words from said plates.

(14) Defendant Independent Drug Company, a wholesale dealer, sold and distributed display cards identical with Exhibit C.

### Conclusions of Law.

(15) Plaintiff's registered trade-marks are valid and subsisting.

(16) Defendant's methods as above found infringe plaintiff's trade-marks and constitute unfair competition.

(17) Plaintiff is entitled to injunctive relief, accordingly.

Plaintiff's Package

Plaintiff's Exhibit B–1.

Defendant's Package

Plaintiff's Exhibit C.

JONES, District Judge.

This matter was submitted on the merits upon an agreed statement of facts, upon due consideration of which, and briefs, decision has been reached.

If the plaintiff sells its product in the open market, it is not damaged by any truthful method of resale adopted by the purchaser, so long as such method does not make use of the trade-mark and display cards of the plaintiff in a way that leads the purchasing public to believe that the plaintiff has adopted that practice in marketing its product. The plaintiff is not required to submit to a new and wider use of its product by a merchandising practice which tends to confuse or deceive the public, and which will impair or prejudice its regular sales under its trade-mark and standard display, and in its original packages. The defendants do market the product of the plaintiff so as to give the impression to the public that the plaintiff sponsors the defendants' sale in packages of two, whereas no such method has been in use by the plaintiff. To that extent, such sale is deceptive; and the use of the plaintiff's trade-mark on identical display cards as those used by the plaintiff is calculated to lead the public to believe that the product as thus marketed by the defendants is the plaintiff's. That defendants recognize this is evidenced by the attempt to escape the implications in the use of the plaintiff's display card and trade-mark by the band with small printing placed across the packages, and stating the real facts.

I think the plaintiff entitled to injunctive relief, and it is so ordered.